UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16-CV-062-TBR

ROJELIO SURITA, individually and                                                                             PLAINTIFF
as Representative of the Estate of
NANCY LYNN SURITA, deceased

v.

ARVINMERITOR, INC., ET AL.                                                                                                                        DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on motions for summary judgment by Defendants Meritor, Inc. and Arvinmeritor, Inc., [R. 95], Goodyear Tire and Rubber Company, [R. 96], Trane U.S., Inc. and Meritor WABCO Vehicle Control Systems, [R. 97], Caterpillar, Inc., [R. 98], and Navistar, Inc., [R. 99]. Furthermore, Genuine Parts Company brings a Motion for Summary Judgement Based on Lack of Proof of Exposure, [R. 100], and a Motion for Summary Judgment Based on Lack of Jurisdiction and Improper Venue, [R. 101]. Plaintiff Rojelio Surita ("Plaintiff") did not respond, and the time to do so has passed. This matter is now ripe for adjudication. For the reasons stated herein, Meritor, Inc. and Arvinmeritor, Inc.'s Motion for Summary Judgment, [R. 95], is **GRANTED**. Goodyear Tire and Rubber Company's Motion for Summary Judgment, [R. 96], is **GRANTED**. Trane U.S., Inc. and Meritor WABCO Vehicle Control Systems' Motion for Summary Judgment, [R. 97], is **GRANTED**. Caterpillar, Inc.'s Motion for Summary Judgment, [R. 98], is **GRANTED**. Navistar, Inc.'s Motion for Summary Judgment, [R. 99], is **GRANTED**. Genuine Parts Company's Motion for Summary Judgement Based on Lack of Proof of Exposure, [R. 100], is **GRANTED**. Genuine Parts Company's Motion for Summary Judgment Based on Lack of Jurisdiction and Improper Venue, [R. 101], is

1

**DENIED AS MOOT**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

## BACKGROUND

This matter arises from the claims of Plaintiff's Decedent, Nancy Lynn Surita ("Surita"), who alleged that she was exposed to asbestos-containing products while working on vehicles, both in her personal and professional life. [R. 1-1 at 10 (Complaint).] She later suffered from an irreversible lung disease, mesothelioma, and died on December 23, 2015. [*Id.* at 12; R. 98-5 at 11:13-15 (Surita Deposition).]

Surita grew up in the 1970's and 1980's in a farming community in Shabbona, Illinois. [R. 98-5 at 68:8-9.] She recalled helping her father maintain the family vehicles, including six to eight brake jobs. [*Id*. at 135:4-17.] Looking back, Surita could not recall the brands of the brakes her father purchased, [*Id*. at 137:11-19], the brands of the brakes removed, [*Id*. at 139:11-12], or whether the boxes containing the new brakes illustrated that the products contained asbestos, [*Id*. at 140:9-11].

In 1988, Surita joined the National Guard, [*Id*. at 70:8-10], and in October of 1989, she relocated to Fort Leonard Wood, Missouri, where she was trained to perform preventative maintenance and to drive military vehicles, [*Id*. at 74:14-75:13]. Surita suspected that she was exposed to asbestos at that time from asbestos dust in the wheel wells of some of the vehicles. [*Id*. at 75:14-25.]

In April of 1990, Surita was transferred to active duty military and moved to Fort Campbell, Kentucky, where she maintained an old M915 truck, manufactured by Cummins, Chrysler, and Caterpillar, and two M872 trailers. [*Id*. at 17:5-18:8.] Surita thought that Caterpillar specifically manufactured either the transmission or the engine, [*Id*. at 86:25-87:1],

2

however, she testified that she never worked on the transmission or engine, [*Id.* at 129:22-130:2]. Surita's duties consisted of handing the mechanics any materials or tools they needed, [*Id.* at 88:10-14], and performing preventative maintenance, including three brake jobs, [*Id.* at 93:4-5]. She could not recall the brands of the brakes removed or replaced on the truck and trailers. [*Id.* at 93:10-15].

Surita was deployed to Saudi Arabia, along with her truck and two trailers, in October of 1990, where she transported food, ammunition, and supplies to support the 82nd and 101st Airborne Divisions. [*Id.* at 100:8-16.] She was also responsible for general maintenance of her truck and trailers, including changing flat tires and working on the brakes. [*Id.* at 103:1-104:9]. Surita was not aware of who manufactured the replacement parts she acquired from "maintenance" or scavenged from other U.S. military trucks. [*Id.* at 106:3-13].

After returning to the United States in 1991, [*Id.* at 109:11], Surita alternated between maintaining her truck and trailers and working in an office due to her pregnancy with her daughter, [*Id.* at 114:24-115:4]. She testified that she helped with a total of six brake jobs in the period between May 1991 and September 1993. [*Id.* at 173:11-174:10]. For the remaining three years of her career in the army, Surita worked as an executive administrative assistant. [*Id.* at 119:6-12].

In April of 2015, Surita was diagnosed with mesothelioma, [*Id.* at 11:13-15], and she passed away in December of that same year, [R. 1-1 at 12]. On March 25, 2016, Plaintiff, Surita's husband, filed suit in Christian Circuit Court individually and as Representative of the Estate of Nancy Lynn Surita. [*See Id.* at 4]. Roughly a month later, Defendant Caterpillar, Inc. ("Caterpillar") removed the case to the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. §§ 1332, 1441, 1442, and 1446. [R. 1 at 2 (Notice of Removal).]

**STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the parties moving for summary judgment, the defendants must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of Plaintiff's claims. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming each defendant satisfies its burden of production, Plaintiff "must—by deposition, answers to interrogatories, affidavits, and admissions on file— show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

When, as here, the nonmoving party decides not to file a response, the Court still holds "the moving party to the burden established by the plain language of [Civil] Rule 56." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). In other words, the Court cannot

4

"grant summary judgment in favor of the movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Instead, the Court is required, at a minimum, "to examine the movant's motion for summary judgment to ensure that he has discharged [his] burden." *Id.* In performing its task, though, the Court may "rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Guarino*, 980 F.2d at 410. It need not "comb the record from the partisan perspective of an advocate for the [nonmoving] party." *Id.*

## DISCUSSION

In their motions for summary judgment, all of the defendants make the same causation argument: Plaintiff failed to provide evidence that any of the defendants' products were a substantial factor in causing Surita's illness. Furthermore, Navistar, Inc., Goodyear Tire and Rubber Company, and Meritor, Inc. and Arvinmeritor, Inc. also argue that due to Plaintiff's failure to prove causation, his claims of misrepresentation and punitive damages are moot. [*See* R. 99 at 7 (Navistar's Motion for Summary Judgment); R. 96-3 at 10 (Goodyear's Motion for Summary Judgment; R. 95-1 at 9-10 (Meritor and Arvinmeritor's Motion for Summary Judgment).]

**I. Strict Liability, Negligence, and Breach of Implied Warranty Claims**

In considering claims based on negligence, breach of warranty, and strict liability, it is unnecessary to "discuss the various refinements and considerations concerning the application of these theories of liability, because all of them have one common denominator which is that causation must be established." *Holbrook v. Rose*, 458 S.W.2d 155, 157 (Ky. Ct. App. 1970); *see also Huffman v. SS. Mary & Elizabeth Hospital*, 475 S.W.2d 631, 633 (Ky. Ct. App. 1972) ("We

do not feel it is necessary to discuss the appellant's claims of negligence, breach of implied warranty and strict liability because all of these theories of liability have one common demoninator [sic], which is that causation must be established.").[1] The Sixth Circuit neatly collected the requirements under Kentucky case law for proving causation in *Moeller v. Garlock Sealing Technologies*:

> To prevail on a negligence claim, Kentucky law requires a plaintiff to prove that a defendant's conduct was a substantial factor in bringing about the harm. *Deutsch v. Shein*, 597 S.W.2d 141, 144 (Ky.1980). Causation requires a link between the specific defendant's conduct and the plaintiff's injuries. *See Estes v. Gibson*, 257 S.W.2d 604, 607 (Ky.1953) (absent connection between a specific act and injury, there is no legal liability); *Cardinal Indus. Insulation Co., Inc. v. Norris*, 2009 WL 562614, at *8 (Ky.Ct.App.2009) ("In the end, the asbestos defendant, like every tort defendant, remains entitled to have a causative link proven between that defendant's specific tortious acts and the plaintiff's injuries."). Substantial causation refers to the probable cause, as opposed to a possible cause. *See Bailey v. N. Am. Refractories Co.*, 95 S.W.3d 868, 873 (Ky.Ct.App.2001). "[O]ne measure of whether an action is a substantial factor is the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir.2009) (internal quotation marks omitted) (discussing causation in a diversity case based on Kentucky law); *see Cardinal*, 2009 WL 562614, at *8 ("The question whether [defendant's] acts probably caused [plaintiff's] mesothelioma must be viewed in the context of [plaintiff's] other substantial exposure to asbestos....").

660 F.3d 950, 953-54 (6th Cir. 2011). In short, to defeat the motions for summary judgment, Plaintiff must demonstrate that the product of each defendant was a substantial factor in bringing about Surita's illness. The Court holds that Plaintiff failed to meet this requirement.

In his Complaint, Plaintiff names each defendant and the corresponding product he claims contained asbestos. [R. 1-1 at 7-11.] Furthermore, Plaintiff alleges that Surita was exposed to asbestos through the use of these products in repairing cars, both in personal use and in the military. [*Id.* at 10.] However, Plaintiff fails to explain how each product "probably

---

[1] All parties agree that Kentucky law applies to the case at hand. [*See* R. 95-1 at 6; R. 96-3 at 6; R. 97-1 at 5; 98-1 at 3; R. 99 at 4; R. 100-1 at 4.]

caused" Surita's illness in the Complaint, nor did he provide this information in a response to the motions for summary judgment. Without any proof to support the argument that each product was a substantial factor in causing Surita's illness, the claims for strict liability, negligence, and breach of implied warranty must fail as a matter of law. *See Moeller*, 660 F.3d at 953-54.

Similarly, in *Moeller*, the Sixth Circuit held that the plaintiff pipefitter did not provide the evidence necessary to find that a manufacturer's asbestos-containing gaskets were a substantial factor in causing his injuries and death from mesothelioma. *Id*. at 955. The Sixth Circuit admitted that his exposure to the gaskets *may have contributed* to his mesothelioma, but the plaintiff's failure to quantify his exposure to asbestos from the gaskets and his concession of "massive exposure" to asbestos from other sources prevented the court from inferring that "Garlock gaskets probably, as opposed to possibly, were a substantial cause of Robert's mesothelioma." *Id*. In the case at hand, Plaintiff failed to provide any information revealing the amount of exposure to asbestos his wife endured from each product. In all fairness, this was nearly impossible because Surita did not know the brand of the brake shoes or pads used during her military service, [R. 98-5 at 29:24-30:1], or her personal life, [*Id*. at 36:9-13].[2] Furthermore, amongst these defendants alone, there are many possibilities for exposure to asbestos. Without further detail, this makes it extremely difficult to determine whether one product was more of a substantial cause of Surita's mesothelioma than the last. Thus, like in *Moeller*, Plaintiff's claims must fail due to a lack of evidence proving that any of these products was a substantial factor in causing Surita's injuries and eventual death from mesothelioma.

---

[2] Beyond brake pads, Surita thought that the engine or the transmission in her M915 was probably manufactured by Caterpillar. [*See* R. 123:4-8; R. 130:5-6]. Plaintiff's claim against Caterpillar is based off the manufacturing of asbestos-containing transmissions. [R. 1-1 at 7.] However, Surita later testified in the same deposition that she did not work on transmissions or engines while in the military. [R. 129:19-130:2]. Also, Plaintiff brought a claim against NAPA for selling, distributing and supplying asbestos and asbestos-containing products, but, of her experience with NAPA, Surita only testified that she was not completely sure which store her father purchased brakes for the jobs she helped him with at home. [R. 149:19-25.] These contradictions cause Plaintiff's claims against Caterpillar and NAPA to fail the substantial factor test of the Sixth Circuit as well.

In contrast, in *Bailey v. North American Refractories Co.*, the Court of Appeals of Kentucky held that the lower court wrongly granted the two defendant manufacturers' motions for summary judgment when the plaintiff steel workers provided evidence of exposure to asbestos-containing materials and expert medical testimony that the materials were a substantial contributing factor to the steel workers' diseases. 95 S.W.3d 868, 873-75 (Ky. Ct. App 2001). More specifically, the steel workers were able to identify the gunning mix and castable material manufactured by the first defendant, which caused a release of asbestos dust when mixed in the plant, and the motors manufactured by the second defendant that released asbestos dust during the "rewinding" process. *Id*. Unlike the steel workers in *Bailey*, Plaintiff in this case failed to provide specific information as to what products Surita used, when she used those specific products, and how they caused her to contract mesothelioma. Furthermore, Plaintiff disclosed expert witnesses, [R. 102 (Expert Witness Disclosure], but never attached their reports or discussed them in a response to the motions for summary judgment.

In sum, Plaintiff did not demonstrate that the product of each defendant was a substantial factor in bringing about Surita's illness. Therefore, Plaintiff's claims for strict liability, negligence, and breach of implied warranty fail as a matter of law.

## II.     Misrepresentation Claim

Plaintiff also alleges that the defendants intentionally and/or negligently misrepresented the safety of the asbestos products. [R. 1-1 at 16.] In Kentucky, in order to prove fraud through misrepresentation, the plaintiff must show:

> (1) the defendant made a material representation to the plaintiff; (2) the representation was false; (3) the defendant knew the representation to be false or made it with reckless disregard for its truth or falsity; (4) the defendant intended to induce the plaintiff to act upon the misrepresentation; (5) the plaintiff reasonably relied upon the misrepresentation; and (6) *the misrepresentation caused injury to the plaintiff*.

8

*Giddings & Lewis, Inc. v. Industrial Risk Insurers*, 348 S.W.3d 729, 747 (Ky. 2011) (emphasis added) (citing *Fiegles, Inc. v. TruServe Corp.*, 289 S.W.3d 544, 549 (Ky. 2009); *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999)). Yet again, causation serves as the downfall of Plaintiff's claim. Even if Plaintiff could prove the first five elements of misrepresentation, he would still fail on the sixth element due to the lack of evidence supporting causation in his claim.[3]

### III. Moot Claims

This Court has granted Genuine Parts Company's Motion for Summary Judgement Based on Lack of Proof of Exposure. [R. 100]. Therefore, Genuine Parts Company's Motion for Summary Judgment Based on Lack of Jurisdiction and Improper Venue, [R. 101], is denied as moot.

This Court has granted motions for summary judgment from each defendant, therefore, Plaintiff's requests for punitive damages, [R. 1-1 at 19-20], and damages due to loss of consortium, [*Id.* at 20] are denied as moot.

## CONCLUSION

Although the Court is sympathetic toward Surita's battle with mesothelioma and grateful for her military service, Plaintiff's claims simply fail as a matter of law. For the reasons stated herein, the Court holds:

1. Meritor, Inc. and Arvinmeritor, Inc.'s Motion for Summary Judgment, [R. 95], is **GRANTED**.

2. Goodyear Tire and Rubber Company's Motion for Summary Judgment, [R. 96], is **GRANTED**.

---

[3] See previous discussion on requirements for causation.

9

3. Trane U.S., Inc. and Meritor WABCO Vehicle Control Systems' Motion for Summary Judgment, [R. 97], is **GRANTED**.

4. Caterpillar, Inc.'s Motion for Summary Judgment, [R. 98], is **GRANTED**.

5. Navistar, Inc.'s Motion for Summary Judgment, [R. 99], is **GRANTED**.

6. Genuine Parts Company's Motion for Summary Judgement Based on Lack of Proof of Exposure, [R. 100], is **GRANTED**.

7. Genuine Parts Company's Motion for Summary Judgment Based on Lack of Jurisdiction and Improper Venue, [R. 101], is **DENIED AS MOOT**.

The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

cc: Counsel of Record